IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CFE GROUP, LLC, an Illinois Limited )
Liability Company, CFE MANAGEMENT, )
LLC, an Illinois Limited Liability Company,)
MICHAEL R. SALEM and )
DANIEL P. DUFFY, )
  )
             Plaintiffs, )
  )
     v. )   No. 13 C 8021
  )
FIRSTMERIT BANK, N.A., )
  )
             Defendant. )

## OPINION AND ORDER

       This is an action to enjoin a Cook County Illinois Circuit Court proceeding based on a contention of *res judicata* because an identical case was first filed and dismissed in this court.  Jurisdiction is based on the existence of a Federal question.  *See* 28 U.S.C. §§ 1331, 1651(a), 2283; ***Carr v. Tillery***, 2008 WL 2782928 *8 (S.D. Ill. July 17, 2008), *aff'd in part, vacated in part on other grounds*, 591 F.3d 909 (7th Cir. 2010); ***Glenayre Elecs., Inc. v. Jackson***, 2007 WL 2492105 *2  (N.D. Ill. Aug. 30, 2007).

The resolution of the pending motion to dismiss requires a statement of the procedural history. On November 29, 2012, defendant in the present action, FirstMerit Bank, N.A. ("FirstMerit"), a national banking association with its principal office located in Ohio, filed a complaint in this court (*FirstMerit Bank, N.A. v. CFE Group*, No. 12 C 9510 (N.D. Ill.) (the "*FirstMerit* Case")), against the plaintiffs in the present case, CFE Group, LLC, CFE Management, LLC, Michael R. Salem, and Daniel P. Duffy (collectively the "CFE Group"). Suit was brought on a promissory Note and two commercial Guaranties seeking recovery of more than $300,000. The loan allegedly had been past due since September l, 2010. Jurisdiction was alleged to be based on diversity.[1]

The origin of the Note and Guaranties was a loan by George Washington Savings Bank ("the bank") to the CFE Group. The bank subsequently failed and was closed by the Illinois Department of Financial Professional Regulation--

---

[1]All of the CFE Group defendants were characterized as citizens of Illinois. As to the two LLC's, though, it was alleged that they were citizens of Illinois because they were Illinois limited liability companies with their principal places of business in Illinois. The citizenship of an Illinois limited liability company, however, is the citizenship of each of its members. *See Fusion Capital Fund II, LLC v. Ham*, 614 F.3d 698, 700 (7th Cir. 2010). Since it is otherwise held that *res judicata* does not apply, it is unnecessary to determine if there was proper diversity jurisdiction in the *FirstMerit* Case. Also, FirstMerit makes no argument that the application of *res judicata* should be denied based on a lack of jurisdiction in the *FirstMerit* Case.

- 2 -

Division of Banking.  After the closing of the bank, the Federal Deposit Insurance

Corporation ("FDIC") was appointed the bank's receiver.  The FDIC entered into a

sale agreement with FirstMerit by which it sold the bank's assets to FirstMerit,

including the CFE Group's loan obligations.

FirstMerit brought suit to recover on the Note and Guaranties.  The CFE

Group sought dismissal (1) pursuant to Fed. R. Civ. P. 12(b)(1), alleging that by

virtue of the sale agreement with FirstMerit and the FDIC, the FDIC is the actual

owner of, or a partner of FirstMerit, with respect to the Note and Guaranties,

(2) pursuant to Fed. R. Civ. P. 12(b)(6), arguing that the complaint did not allege

that the Note and Guaranties were actually transferred or acquired by the FDIC or,

consequently, by FirstMerit, and (3) pursuant to Fed. R. Civ. P. 12(b)(7), alleging

that the FDIC was a necessary party to the suit.  The CFE Group also asked for

jurisdictional discovery to determine whether there would be diversity subject

matter jurisdiction if the FDIC were made a party.

Before briefing on the motions to dismiss was completed, this court

entered the following order:

> After careful review of the pleadings in this recently
> reassigned lawsuit, the Court hereby grants Defendant
> Michael R. Salem's motion to dismiss for lack of jurisdiction
> pursuant to Fed. R. Civ. P. 12(b)(1) [23] and Defendants

Daniel P. Duffy, CFE Group, CFE Management LLC's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), and 12(b)(7) [26]. Plaintiff's present complaint is dismissed without prejudice to the filing of an amended complaint by 5/6/2013 which cures all the pleading deficiencies outlined in defendants' motions to dismiss. The parties are requested to fully exhaust all remaining settlement possibilities for this dispute prior to filing any further pleadings.

FirstMerit explains that rather than litigate the propriety of federal jurisdiction, it elected to voluntarily dismiss the federal action pursuant to Fed. R. Civ. P. 41 and sue in the state court. On May 1, 2013, it filed a document entitled "Notice of Voluntary Dismissal Without Prejudice Pursuant to Rule 41(a)(1)(A)(ii)." The body of this document provided in its entirety:

> Since no Defendant has filed an answer or a motion for summary judgment, Plaintiff, FirstMerit Bank, N.A., successor in interest to the FDIC, Receiver for George Washington Savings Bank, hereby voluntarily dismisses the above action, without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(l)(A)(i).

On May 2, 2013, the following order was entered by this court:

> This case is hereby dismissed without prejudice pursuant to the Notice of Voluntary Dismissal Without Prejudice Pursuant to Rule 41(a)(1)(A)(i) [33] filed by the plaintiff on 5/1/2013.

- 4 -

On May 6, 2013, in state court, FirstMerit refiled the action to recover on the Note and Guaranties. On October 2, 2013, the state court refused to dismiss the action based on *res judicata*, the basis for the present action, and denied certification of an appeal.

Because the prior action was based on diversity, Illinois preclusion law applies. ***Harmon v. Gordon***, 712 F.3d 1044, 1054 (7th Cir. 2013) (citing A***llan Block Corp. v. Cnty. Materials Corp.***, 512 F.3d 912, 915 (7th Cir. 2008) (citing ***Semtek Int'l Inc. v. Lockheed Martin Corp.***, 531 U.S. 497, 508 (2001))). An element of *res judicata* under Illinois law is "a final judgment on the merits rendered by a court of competent jurisdiction." ***Harmon***, 712 F.3d at 1054 (quoting ***Hudson v. City of Chicago***, 228 Ill. 2d 462, 889 N.E.2d 210, 213 (2008)). The present action fails because it is abundantly clear that there never was a judgment on the merits in the ***FirstMerit*** Case. Rule 41(a)(1)(B) clearly states that "[u]nless the notice or stipulation states otherwise, the dismissal is without prejudice." FirstMerit quite properly chose to proceed in state court rather than litigate the jurisdiction of this court over the ***FirstMerit*** Case.

The filing of the present case appears to be an unreasonable and vexatious multiplication of proceedings already pending in the state court.

- 5 -

IT IS THEREFORE ORDERED that defendant's motion to dismiss [9]

is granted. The Clerk of the Court is directed to enter judgment in favor of

defendant and against plaintiffs dismissing plaintiffs' cause of action with

prejudice and with costs allowed to defendant.


ENTER:


_____
UNITED STATES DISTRICT JUDGE


DATED: JUNE 12, 2014

- 6 -