

CERTIFIED COPY

A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

In the

# United States Court of Appeals

## For the Seventh Circuit

———————————

No. 14-2554

CFE GROUP, LLC, *et al.*,

*Plaintiffs-Appellants,*

*v.*

FIRSTMERIT BANK, N.A.,

*Defendant-Appellee.*

———————————

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 13 C 8021 — **William T. Hart**, *Judge.*

———————————

SUBMITTED AUGUST 4, 2015 — DECIDED DECEMBER 31, 2015

———————————

Before POSNER, KANNE, and HAMILTON, *Circuit Judges*.

HAMILTON, *Circuit Judge*. The principal question in this appeal is whether the district court correctly refused to enjoin a state court from adjudicating a case that the state-court plaintiff had voluntarily dismissed in an earlier incarnation in federal court. In the earlier federal case, FirstMerit Bank had sued CFE Group, LLC and related parties (for simplicity, CFE) to enforce a promissory note and guaranties. CFE moved to dismiss that complaint. The district court granted

the motion and dismissed FirstMerit's complaint without prejudice, but with leave to amend. Rather than amend, FirstMerit filed a notice of voluntary dismissal of the action under Federal Rule of Civil Procedure 41(a)(1)(A)(i).

FirstMerit then filed a new complaint in an Illinois state court asserting the same claims. CFE moved to dismiss the new suit, arguing that the earlier federal dismissal meant that FirstMerit's claims were barred by claim preclusion (res judicata). The state trial court denied the motion. CFE responded to that denial by filing this new federal action asking the district court to enjoin the state court under the relitigation exception to the federal Anti-Injunction Act, 28 U.S.C. § 2283. The district court refused, ruling that the dismissal of the first federal case was not a judgment on the merits and therefore did not preclude the state action. The district court dismissed this action with prejudice. CFE has appealed.

We affirm. We agree with the district court's reasoning and add that CFE's request for an injunction was also barred by the Full Faith and Credit Act, 28 U.S.C. § 1738. We affirm the district court's judgment dismissing the case. We also find that the appeal is frivolous and that sanctions on CFE are appropriate under Federal Rule of Appellate Procedure 38.

I.   *Factual and Procedural Background*

FirstMerit's federal lawsuit was short-lived. FirstMerit sued CFE in federal court in November 2012 to enforce a promissory note and guaranties executed by CFE. See *FirstMerit Bank, N.A. v. CFE Group, LLC*, No. 12 C 9510 (N.D. Ill. dismissed May 1, 2013). FirstMerit alleged that two

No. 14-2554                                                                3

years earlier CFE had become delinquent on loans with a principal amount of $300,000. FirstMerit had acquired the loans from the Federal Deposit Insurance Corporation, which had been appointed receiver when the original lender to CFE was closed by its Illinois regulator.

One of the CFE defendants moved to dismiss the complaint, arguing that under *Federal Deposit Ins. Corp. v. Elefant*, 790 F.2d 661, 666 (7th Cir. 1986), the FDIC's relationship to the suit divested the district court of diversity jurisdiction. A week later, FirstMerit filed a memorandum responding to the motion. That same day, the other CFE defendants joined the first motion to dismiss and moved to dismiss on two other grounds: failure to state a claim and failure to join the FDIC as a necessary party.

Before FirstMerit could respond to the new grounds for dismissal, the district court cancelled a scheduled hearing and the case was assigned to another district judge. A week later, and still without a response from FirstMerit to the additional grounds for dismissal, the newly assigned judge (Judge Castillo) dismissed the "present complaint" on all three grounds "without prejudice." The court allowed FirstMerit 60 days to file an amended complaint.

The district court might have been right or might have been wrong about the perceived defects in FirstMerit's case, but FirstMerit chose not to fight to stay in federal court. Five days before the 60-day deadline expired, FirstMerit filed a notice under Rule 41(a)(1)(A)(i) stating that it "voluntarily dismisses the above action, without prejudice … ." Rule 41(a)(1)(B) provides that in such cases, with exceptions not applicable here, "the dismissal is without prejudice." The next day the district court ordered: "This case is hereby dis-

missed without prejudice pursuant to the Notice of Volun-
tary Dismissal Without Prejudice Pursuant to Rule
41(a)(1)(A)(i)."

Four days later, FirstMerit filed in Illinois state court a
substantively similar complaint, which remains pending.
CFE moved to dismiss the state action based on theories of
claim and issue preclusion. CFE argued that dismissal of the
first federal case barred FirstMerit's claims in state court and
prohibited relitigation of whether the FDIC was a necessary
party. The state court rejected CFE's preclusion defenses. But
it also ruled that FirstMerit had inadequately alleged that the
relevant loan documents had been transferred to FirstMerit.
It therefore granted FirstMerit leave to replead.

The state court's refusal to dismiss based on claim preclu-
sion (res judicata) prompted CFE to file this new federal suit.
Under the All Writs Act, 28 U.S.C. § 1651(a), and the relitiga-
tion exception to the Anti-Injunction Act, 28 U.S.C. § 2283,
CFE sought to enjoin FirstMerit's suit in state court. The dis-
trict court denied that request and instead dismissed this
new case with prejudice, explaining: "The present action
fails because it is abundantly clear that there never was a
judgment on the merits" in the first federal case. The court
added: "The filing of the present case appears to be an un-
reasonable and vexatious multiplication of proceedings al-
ready pending in the state court."

II. *The Merits*

The Anti-Injunction Act, 28 U.S.C. § 2283, limits the pow-
er of federal courts to enjoin state-court proceedings: "A
court of the United States may not grant an injunction to stay
proceedings in a State court except as expressly authorized

No. 14-2554                                                5

by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." CFE argues an injunction is needed here to give effect to the federal court judgment dismissing FirstMerit's earlier suit. Under that exception to the Anti-Injunction Act, often called the "relitigation exception," a party with a favorable federal judgment may "protect that judgment by enjoining repetitive state court proceedings instead of relying on a claim or issue preclusion defense." *Ramsden v. Agribank, FCB*, 214 F.3d 865, 868 (7th Cir. 2000). A party seeking an injunction based on this exception must show that "preclusion is clear beyond peradventure." *Smith v. Bayer Corp.*, 564 U.S. 299, —, 131 S. Ct. 2368, 2376 (2011).

Federal common law governs "the claim-preclusive effect of a dismissal by a federal court sitting in diversity." *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001). As a general rule, federal common law borrows the preclusion principles of the laws of the state in which the federal court that dismissed the diversity suit sat. *Id.*; see also *Allan Block Corp. v. County Materials Corp.*, 512 F.3d 912, 915 (7th Cir. 2008). The parties do not dispute the application of this general rule to the Anti-Injunction Act. Cf. *Smith*, 564 U.S. at — n.6, 131 S. Ct. at 2376 n.6 (declining to reach the issue). We therefore apply Illinois law to decide the preclusive effect of the dismissal of FirstMerit's federal case, which was brought in a federal court in Illinois under diversity jurisdiction.

The relitigation exception does not authorize an injunction here. Under Illinois law the dismissal of FirstMerit's federal case simply did not preclude a later suit because a dismissal "without prejudice" is not final, *DeLuna v. Treister*, 708 N.E.2d 340, 343 (Ill. 1999), and a non-final decision is not

subject to preclusion defenses. See *City of Naperville v. Illinois Fraternal Order of Police, Labor Council, F.O.P. Lodge No. 42*, 997 N.E.2d 296, 299 (Ill. App. 2013). If a court dismisses a complaint without prejudice but with leave to amend, and then allows the plaintiff to dismiss voluntarily without prejudice, the dismissal has no res judicata or claim preclusive effect. See *Jackson v. Victory Mem'l Hosp.*, 900 N.E.2d 309, 318 (Ill. App. 2008).

That is exactly what happened here. After dismissing the complaint (not the case) without prejudice and with express leave to file an amended complaint, the district court allowed FirstMerit to dismiss its suit voluntarily and without prejudice based on FirstMerit's notice under Rule 41(a)(1)(A)(i). FirstMerit was therefore free to file its new suit in state court.[1]

CFE responds with two arguments, but neither has any merit. CFE first argues that the dismissal of FirstMerit's complaint should be treated as preclusive because the company filed its notice of voluntary dismissal only after the district court's "adverse" ruling dismissing the complaint without prejudice. For support, CFE quotes *Muhammad v. Oliver*, 547 F.3d 874, 876 (7th Cir. 2008): "when a suit is abandoned after an adverse ruling against the plaintiff, the judgment ending the suit, whether or not it is with prejudice, will generally bar bringing a new suit that arises from the same facts

---

[1] The risk of repetitive litigation and forum-shopping is sharply limited by Rule 41(a)(1)(B), which provides that if the federal plaintiff "previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits," meaning that the dismissal would be with prejudice and thus could cause claim preclusion.

No. 14-2554                                                    7

as the old one." But *Muhammad* does not apply here because FirstMerit received no "adverse" ruling. In *Muhammad*, a state court dismissed on the merits a contract claim against one defendant. After the dismissal the plaintiff voluntarily dismissed claims against another defendant without prejudice. *Id.* at 876. When the plaintiff later refiled against *both* defendants, we held that the new suit was barred by claim preclusion: "'[A] plaintiff who splits his claims by voluntarily dismissing and refiling part of an action after a final judgment has been entered on another part of the case subjects himself to a *res judicata* defense.'" *Id.* at 876–77, quoting *Hudson v. City of Chicago*, 889 N.E.2d 210, 217 (Ill. 2008). In this case, however, there was no final judgment on any claim by FirstMerit. The only ruling that preceded its voluntary dismissal was expressly "without prejudice" to its ability to file an amended complaint curing the problems the court had perceived.

CFE next argues that the doctrine of "springing finality" ended the first case on the merits. Under that doctrine, a dismissal that "gives the plaintiff time to fix the problem that led to dismissal" becomes final once the time to cure has elapsed. E.g., *Davis v. Advocate Health Ctr. Patient Care Express*, 523 F.3d 681, 683 (7th Cir. 2008); see also *Otis v. City of Chicago*, 29 F.3d 1159, 1166 (7th Cir. 1994). Because First-Merit's complaint was dismissed without prejudice and with leave to amend within 60 days, CFE contends, the dismissal ripened into a final dismissal on the merits when FirstMerit did not file an amended complaint.

"Springing finality" is a less than optimal approach to managing the disposition of a lawsuit in a federal district court. Clear written final judgments under Federal Rule of

Civil Procedure 58 are far preferable and minimize confusion for parties and other courts. In any event, though, a conditional dismissal ripens into a final order only when the plaintiff fails to act within the specified time. See *Davis*, 523 F.3d at 683. Here FirstMerit acted by filing a notice of voluntary dismissal under Rule 41(a)(1)(A) before the 60 days elapsed. And because CFE had neither answered nor moved for summary judgment, the effect under Rule 41(a)(1)(B) was clear: "the dismissal is without prejudice."

Further, the district court's dismissal of this action by CFE would have been correct even if the state court had been wrong in denying CFE's motion to dismiss (and we do not believe it was). The relitigation exception to the Anti-Injunction Act still would not authorize an injunction. That's because CFE took its claim-preclusion argument to the state court first. The state court ruled that preclusion does not apply to FirstMerit's case, and federal courts must respect that ruling.

In *Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518 (1986), the Supreme Court examined the relitigation exception to the Anti-Injunction Act in light of the Full Faith and Credit Act, 28 U.S.C. § 1738. The Court held that when a state court has rejected a claim preclusion or res judicata defense based on a prior federal court judgment, then "the Full Faith and Credit Act requires that federal courts give the state-court judgment, and particularly the state court's resolution of the res judicata issue, the same preclusive effect it would have had in another court of the same State." 474 U.S. at 525.

In *Ramsden*, this court applied *Parsons Steel* to interlocutory state-court decisions like the one in this case. See 214 F.3d

No. 14-2554                                                              9

at 870. We ruled that principles of comity confine a federal court's "discretion to enjoin state court proceedings once the state court expressly and unambiguously decides a *res judicata* defense, whether or not there has been a final judgment on the entire claim in state court." *Id.* In these circumstances, "the interests in preventing possible relitigation are ... generally outweighed by the heightened comity concerns except in the most extraordinary circumstances." *Id.* at 871.

CFE presented its preclusion defenses to the state court and lost there. Under the Full Faith and Credit Act, *Parsons Steel*, and *Ramsden,* the district court thus correctly refused to enjoin FirstMerit's litigation in state court. Even if CFE were correct that the state court should have accepted its preclusion defenses, once CFE lost in the state court, it had no reasonable grounds to seek an injunction in federal court. Its proper remedy was to appeal the decision in the state court system and, if necessary, to seek review by the Supreme Court of the United States. See *Ramsden*, 214 F.3d at 872, quoting *Parsons Steel*, 474 U.S. at 525. For this additional reason, we also affirm the judgment of the district court.

III. *Sanctions Under Rule 38*

FirstMerit has moved for sanctions. Its motion, filed after briefing on the merits, relies on Federal Rule of Civil Procedure 11 as the basis for sanctions. That was not correct. Sanctions on appeal are governed by Federal Rule of Appellate Procedure 38, not Rule 11. *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 406–07 (1990). But the mistaken label does not matter. Rule 38 requires either a separate motion by the appellee or notice from the court, as well as a reasonable opportunity to respond. CFE received both. It responded to FirstMerit's

10                                      No. 14-2554

motion. While it noted that Rule 11 did not apply, it also re-
sponded in full to the substance of the motion, which we
have considered. Because CFE was not prejudiced by First-
Merit's labeling mistake, we construe FirstMerit's motion as a
request for sanctions under Rule 38.

Rule 38 authorizes a United States Court of Appeals to
award damages and single or double costs to an appellee
when an appeal is frivolous. The rule is meant to compen-
sate an appellee for "the expense and delay of defending
against a meritless appeal" and to deter future such ap-
peals—"protect[ing] the appellate court's docket for cases
worthy of consideration." *Harris N.A. v. Hershey*, 711 F.3d
794, 801 (7th Cir. 2013). An appeal is frivolous "when the re-
sult is obvious or when the appellant's argument is wholly
without merit." *Harris*, 711 F.3d at 801–02 (internal quotation
marks and citations omitted); see also *Wachovia Securities,
LLC v. Loop Corp.*, 726 F.3d 899, 909 (7th Cir. 2013).

As we explained in *Harris*, we do not invoke Rule 38
lightly. 711 F.3d at 801. The law often allows for reasonable
disagreements about its application to particular cases, and
too-ready resort to Rule 38 sanctions could discourage par-
ties from presenting reasonable and good faith arguments.

Even with that caution, however, this appeal is clearly
frivolous. Under federal preclusion law, which borrows Illi-
nois principles, the voluntary dismissal of FirstMerit's feder-
al case expressly "without prejudice" did not bar FirstMerit
from filing its claims anew in state court. And even if CFE
were correct that it did, once the state court ruled against
CFE on preclusion, an injunction from a federal court still
would have been out of the question. CFE did not bother to
discuss Illinois preclusion law in its briefs, nor did it address

No. 14-2554                                                    11

the complete bar to an injunction established by the Full
Faith and Credit Act, *Parsons Steel*, and *Ramsden*. CFE has not
offered a reasonable and good faith argument to avoid af-
firmance. This appeal is frivolous.[2]

"When an appeal is frivolous, Rule 38 sanctions are not
mandatory but are left to the sound discretion of the court of
appeals." *Harris*, 711 F.3d at 802. The district court warned
CFE that it considered this new federal case to be "an unrea-
sonable and vexatious multiplication of proceedings already
pending in the state court." Yet CFE has persisted in continu-
ing to litigate its preclusion defenses simultaneously in both
federal and state courts. CFE's conduct flaunts the principles
of comity and federalism that animate both the Full Faith
and Credit Act and the Anti-Injunction Act. See *Parsons*, 474
U.S. at 523; *Atlantic Coast Line R.R. Co. v. Bhd. of Locomotive
Eng'rs*, 398 U.S. 281, 286 (1970); *Ramsden*, 214 F.3d at 869. We
conclude that sanctions are appropriate to protect the inter-
ests of the courts, FirstMerit, and other litigants.

Accordingly, appellee FirstMerit Bank, N.A., may submit
any affidavit and supporting papers within 28 days after is-
suance of this opinion specifying its damages from this frivo-
lous appeal by CFE. CFE may file a written response no later
than 28 days after FirstMerit files its submission.

---

[2] Also, many of the arguments in CFE's brief are misleading. For ex-
ample, according to CFE, *Semtek* held that a complaint dismissed without
prejudice can be refiled only in the same court. But the sentence in *Semtek*
immediately following the one cited by CFE actually contradicts that
assertion. It explains that a dismissal without prejudice "will also ordi-
narily (though not always) have the consequence of not barring the claim
from *other* courts … ." *Semtek*, 531 U.S. at 505.

12                                    No. 14-2554

The judgment of the district court is AFFIRMED, and Rule 38 sanctions will be imposed under the schedule specified.